## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT HUNTINGTON

**CECIL HYPES,**

       **Plaintiff,**

**v.**                                           Civil Action No. _____ 3:12-cv-0605

**MAXIM CRANE WORKS, L.P.,**
**and DAVID BARNETT,**

       **Defendants.**

### NOTICE OF REMOVAL

Defendants Maxim Crane Works, L.P. ("Maxim") and David Barnett ("Barnett") hereby give notice of removal of the action styled *Cecil Hypes v. Maxim Crane Works, L.P., et al.*, Civil Action No. 12-C-25, pending in the Circuit Court of Putnam County, West Virginia (incorrectly styled as the Circuit Court of Kanawha County) to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### Diversity Jurisdiction

1.      On January 30, 2012, Plaintiff Cecil Hypes ("Hypes") filed his Complaint in the Circuit Court of Putnam County alleging against the defendants claims for (1) age discrimination in violation of the West Virginia Human Rights Act, *W. Va. Code,* §§ 5-11-1 *et seq.* ("HRA"), (2) disability discrimination in violation of the HRA; (3) failure to reasonably accommodate a disability in violation of the HRA; (4) wrongful discharge; and, (5) intentional infliction of emotional distress.

2.      This action is properly removable under 28 U.S.C. §1441, and this Court has original jurisdiction of this case under 28 U.S.C. §1332(a), as amended, which provides, in pertinent part, as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between--

(1) Citizens of different states....

3.      Hypes is a citizen and resident and citizen domiciled in the State of West Virginia and is thus a "citizen" of West Virginia for purposes of diversity jurisdiction under 28 U.S.C. §1332(a).

4.      Maxim is a Pennsylvania limited partnership formed under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania, and is thus a "citizen" of Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. §1332(a).

5.      Barnett resides and owns real estate and personal property, is registered to vote, has checking and savings bank accounts, was issued his driver's license, and pays personal income taxes in the Commonwealth of Pennsylvania, and thus is a "citizen" domiciled in Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. §1332(a).

## Amount in Controversy

6.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, *i.e.,* that it is more likely than not, that the amount in controversy exceeds $75,000. *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D.W. Va. 1999). To satisfy this burden, a defendant must supply some evidence in support of its claim regarding the amount in controversy. *Id.* In addressing the propriety of removal, courts look to the record existing at the time the petition for removal was filed." *Id.* Specifically, the amount in controversy is determined

by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. *Id.* A court can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be awarded. *Id.; Jones v. Capitol One Bank,* 2009 U.S. Dist. Lexis 98807 (S.D.W.Va. 2009). In reaching a conclusion with regard to the amount in controversy based upon this evidence, the court "is not required to leave its common sense behind." *Sayre,* 32 F.Supp.2d at 886-87.

7.      The sum or value of this controversy exceeds $75,000.00. Hypes has alleged wrongful termination and other acts of discrimination in violation of the HRA. Though Hypes' Complaint asserts no specific monetary amount, he seeks monetary damages including all back pay and front pay for lost wages and benefits, which alone have a value of at more than $75,000, exclusive of interest. Hypes' earnings in 2008 and 2009, his last two years of full employment with Maxim preceding his alleged discharge, were $97,593.20 and $92,411.02, respectively, exclusive of the value of his employee benefits. (Exhibit A). In 2010, when Hypes actively worked only seven and one-half months, his earnings were $65,082.21, exclusive of benefits. (*Id.*) Hypes further seeks compensatory damages for emotional and mental distress, humiliation, anxiety, embarrassment, depression, aggravation, annoyance and inconvenience, punitive damages, and an award of attorneys' fees and costs as permitted by the HRA.

8.      Additionally, as part of its decision, this Court may consider "evidence of any settlement demands made by the plaintiff prior to removal." *Sayre v. Potts,* 32 F.Supp.2d 881, 886 (S.D.W.Va. 1999) (citing *Watterson v. GMRI, Inc.,* 14 F.Supp.2d 844, 850 (S.D.W.Va. 1997). Prior to removal of this action Morris made settlement demands that, among other consideration, included monetary demands of $500,000 and $150,000, respectively. (Exhibit B).

**Procedural Requirements**

9.     This Notice of Removal is timely pursuant to 28 U.S.C. §1           446(b), in that Maxim and Barnett received service of the Complaint through their counsel          via hand delivery on February 10, 2012, and this Notice of Removal is being filed within thirty (30) days of that date.

10.    The Circuit Court of Putnam County is located within the Southern Di        strict of West Virginia, Huntington Division.

11.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and           orders served in the state court action are attached collectively as Exhibit C.          A certified copy of the docket sheet is attached as Exhibit D.

12.    The defendants reserve the right to amend or supplemen          t this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

13.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is          being filed with the Circuit Court of Putnam County, West Virginia.


                    **MAXIM CRANE WORKS, L.P.**
                    **and DAVID BARNETT,**
                    By Counsel


                    /s/ William E. Robinson
                    William E. Robinson (WV State Bar #3139)
                    **DINSMORE & SHOHL LLLP**
                    P.O. Box 11887
                    Charleston, WV 25339-1887
                    Telephone (304) 357-0900
                        Facsimile (304) 357-0919


                    Denise D. Pentino (WV State Bar #6620)
                    **DINSMORE & SHOHL LLLP**
                    2100 Market Street
                    Wheeling, WV 26003
                    Telephone (304) 230-1700
                    Facsimile (304) 230-1610


4

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**CECIL HYPES,**

       **Plaintiff,**

**v.**                                                                 **Civil Action No._____**

**MAXIM CRANE WORKS, L.P.,
and DAVID BARNETT,**

       **Defendants.**

## CERTIFICATE OF SERVICE

    I, William E. Robinson, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System on this the 29th day of February, 2012 to the following counsel of record:

Larry O. Ford
Sean W. Cook
Meyer Ford Glasser & Radman, PLLC
120 Capitol Street
Charleston, WV 25301

                        /s/ William E. Robinson
                        William E. Robinson (WV State Bar #3139)